UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62684-CIV-COHN/SELTZER

CARMEN RODRIGUEZ,

       Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY
ADMINISTRATOR OF THE DOLLAR
FINANCIAL GROUP INC.
LONG TERM DISABILITY PLAN,

       Defendants.
_____/

## ORDER GRANTING MOTION TO PARTIALLY DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Aetna Life Insurance Company's Motion to Partially Dismiss Amended Complaint [DE 25]. The Court has considered the Motion, Plaintiff Carmen Rodriguez's Response [DE 27], Defendant's Reply [DE 29], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On December 19, 2011, Plaintiff Carmen Rodriguez filed this action against Defendant Aetna Life Insurance Company to enforce her rights under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). See Complaint [DE 1]. According to the Amended Complaint [DE 16], Plaintiff seeks judicial reversal of an allegedly wrongful decision by Defendant, as a claim administrator for an ERISA-governed employee welfare benefit plan, to deny Plaintiff long-term disability benefits. Am. Compl. ¶¶ 8-11, 24-25, 33, 37, 50, 51. Plaintiff requests that the Court grant her the following relief:

>  declaratory and injunctive relief, finding that [she] is entitled to all past due short term and long term disability benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

Id. ¶ 52.  Defendant seeks to dismiss Plaintiff's requests for injunctive relief and future benefits pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Mot. at 2-4.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

Defendant argues that Plaintiff's requests for injunctive relief and future benefits must be dismissed because these forms of relief are unavailable. See Mot. at 2-4. Plaintiff disagrees. See Resp. The Court addresses each form of relief in turn.

### A. Injunctive Relief

Section 1132(a) describes the persons empowered to bring civil actions under ERISA. See 29 U.S.C. § 1132(a). Sub-section (a)(1)(B) provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A separate sub-section, (a)(3), provides that a participant, beneficiary, or fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Eleventh Circuit has ruled that "an ERISA plaintiff with an adequate remedy under § 1132(a)(1)(B), cannot alternatively plead and proceed under § 1132(a)(3)." Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084, 1088 (11th Cir. 1999) (affirming dismissal of § 1132(a)(3) claims because complaint also asserted claim for benefits under § 1132(a)(1)(B)).

Although the Amended Complaint does not specify the sub-section under which Plaintiff seeks relief, Defendant contends that Plaintiff brings her claim under § 1132(a)(1)(B), not § 1132(a)(3), because a suit for recovery of benefits, such as this one, is brought pursuant to § 1132(a)(1)(B). See Mot. at 3 (citing Featherston v. Met. Life Ins. Co., 389 F. Supp. 2d 1302, 1315 (N.D. Fla. 2005)). Plaintiff does not argue

otherwise.  See Resp. at 2, 3 (reiterating that "Defendant notes that Plaintiff pursues benefits pursuant to Section 11132(a)(1)(B)," and arguing "Section 1132(a)(1)(B) does permit a civil action for clarification of rights to future benefits.").

Defendant asserts that any request for injunctive relief must therefore be dismissed.  However, Plaintiff responds that "if this Honorable Court interprets that an enforcement of [Plaintiff's] rights under the statute is a form of injunctive relief, [Defendant's] argument fails."  Resp. at 3.

As noted above, because Plaintiff brings her claims under § 1132(a)(1)(B), she may not pursue relief under § 1132(a)(3).  Therefore, any request for injunctive relief under § 1132(a)(3) is improper and will be dismissed.  See Chiroff v. Life Ins. Co. of N. Am., 142 F. Supp. 3d 1360, 1365-66 (S.D. Fla. 2000) (dismissing § 1132(a)(3) claim because plaintiff asserted a § 1132(a)(1)(B) claim)).  However, because § 1132(a)(1)(B) permits enforcement of a plaintiff's rights under the statute, Plaintiff may seek an order enforcing her rights.  Therefore, although the request for injunctive relief will be dismissed without prejudice, Plaintiff will have an opportunity to replead her request for relief in accordance with the above standards if she so desires.

### B. Future Benefits

As a recent Southern District of Florida case noted, "There is [ ] no question that the Court may not award payment for disability benefits beyond the date of final judgment."  Herring v. Aetna Life Ins. Co., No. 11-CV-81091, 2010 WL 456667, at *3 (S.D. Fla. Feb. 14, 2012).  Nonetheless, in this case, Plaintiff seeks an order directing Defendant to pay benefits "until such time as Plaintiff is no longer disabled."  Am. Compl. ¶ 52.  As Defendant notes, "such an order would [ ] be improper and prejudicial because benefits may be terminated in the future for other reasons besides a cessation

of disability." Mot. at 4. For instance, the Certificate of Coverage [DE 25-1 at 4-22] indicates that benefits end if the claimant fails to furnish proof that she is disabled, refuses to be examined by a physician, or ceases to be under the regular care of a physician, among other reasons. See Certificate of Coverage at A-2457. Although the Court could judicially reverse Defendant's benefits decision, Defendant would retain the right to initiate further review of Plaintiff's continuing eligibility for long-term disability benefits in the future. See Halpin v. W.W. Grainger, Inc., 962 F.2d 685, 697 (7th Cir. 1992) (affirming reinstatement of benefits as of date of termination, but recognizing that administrator "remains free in the future to initiate further review of [plaintiff's] continuing eligibility for long-term disability benefits.").

In Plaintiff's Response, she cites § 1132(a)(1)(B) for the proposition that "a participant may sue to recover benefits due, to enforce rights to future benefits, or to clarify rights to future benefits," Resp. at 3, but the Amended Complaint requests "that Defendant be ordered to pay all future short term and long term disability benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan," Am. Compl. ¶ 52. Although an order enforcing Plaintiff's rights to future benefits or an order clarifying her rights to future benefits would be a proper form of relief, an order requiring Defendant to pay benefits until Plaintiff is no longer disabled, without permitting Defendant to terminate benefits for other reasons in the Certificate of Coverage, would be improper. Accordingly, the request for an order requiring Defendant to pay future benefits will be dismissed without prejudice. As with the request for injunctive relief, Plaintiff will have an opportunity to replead her request for relief in accordance with the above standards if she so desires.

5

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Aetna Life Insurance Company's Motion to Partially Dismiss Amended Complaint [DE 25] is **GRANTED**;

2. Plaintiff's requests for injunctive relief and for an order requiring Defendant to pay future benefits are **DISMISSED without prejudice**;

3. Plaintiff may file a Second Amended Complaint consistent with the above standards by no later than **May 29, 2012**. Alternatively, Plaintiff may file a Notice to proceed solely on the remaining relief sought, that is "declaratory . . . relief, finding that [she] is entitled to all past due short term and long term disability benefits yet unpaid under the terms of the Plan";

4. Defendant's Answer will be due 14 calendar days from the filing of an Second Amended Complaint or a Notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 15th day of May, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF